

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-10-00431-CV

ELIZABETH A. FLACK-BATIE AND
LISA A. BATIE

APPELLANTS

V.

JOHN HENRY BATIE AND U-HAUL
CO. OF FT. WORTH, CO.

APPELLEES

------------

FROM THE 324TH DISTRICT COURT OF TARRANT COUNTY

------------

## ORDER

------------

On October 19, 2010, the trial court signed a postjudgment order, denying all of the petitioner Elizabeth Flack-Batie and intervenor Lisa A. Batie's motions and claims, finding such motions frivolous, and ordering that petitioner and intervenor take nothing against John Henry Batie.

On November 23, 2010, Elizabeth and Lisa filed their notice of appeal.

Also on November 23, 2010, Elizabeth and Lisa filed their "Uncontestable Affidavit(s) Of Indigence," stating that they wished to proceed as indigent.

On November 29, 2010, the court reporter filed a contest to Elizabeth and Lisa's affidavit of indigence.

On November 10, 2010, the trial court signed an order that included the following finding:

> The Court finds that the joint affidavit of indigency filed by Petitioner, Elizabeth Flack Batie and Intervenor, Lisa Batie is insufficient to establish the indigency of Petitioner, Elizabeth Flack Batie and Intervenor, Lisa Batie. The Court finds that Petitioner and Intervenor have failed to comply with the mandatory requirements of Rule 20.1(b), Texas Rules of Appellate Procedure. Additionally, the Court finds that Petitioner and Intervenor failed to comply with the mandatory requirements of Rule 34.6(b), Texas Rules of Appellate Procedure, so as to make a written request of the official reporter to prepare the reporter's record at or before the time that Petitioner and Intervenor perfected their appeal. The court finds that the testimony of Petitioner was confusing and disjointed and wholly failed to substantiate her affidavit. The Court finds that Petitioner was awarded substantial assets in the Agreed Decree of Divorce entered in this cause. The Court finds that Petitioner has never been able to show the Court that she failed to receive said sums from Respondent.

The trial court also found that Lisa Batie's appeal would be frivolous.

On December 21, 2010, this court notified appellants that they were required to pay the $175 filing fee by December 31, 2010.

On December 29, 2010, Appellants filed a motion to extend the time for filing the fee.

2

On January 5, 2011, on this court's own motion, we ordered the trial court clerk and court reporter to prepare and file the portions of the record necessary to review the trial court's order sustaining the contest to appellants' affidavit of indigency.

In an order dated January 28, 2011, this court, after reviewing the record from the trial court's hearing on the indigency contest, stated, "Based on our review of the record, and notwithstanding that Elizabeth Flack-Batie receives social security benefits, we cannot conclude that the trial court abused its discretion by sustaining the contest and by finding that Lisa A. Batie's appeal would be frivolous." We ordered appellants to pay the required $175 filing fee and to pay or make arrangements to pay for the clerk's record and reporter's record on or before February 7, 2011.

On or about February 8, 2011, appellants filed a document entitled "2nd Amended Notice Of Appeal." Appellants also filed a document entitled "Appellant(s) Motion To Re-Hear Their Notice Of Appeal Of Their Affidavit Of Indigence; To Extend Time And Waive Fees And Request For Judicial Notice Of Facts."

On February 22, 2011, this court denied appellants' motion to re-hear their notice of appeal of their affidavit of indigence, waive fees, and request for judicial notice of facts; this granted in part appellants' motion for extension of time to pay the $175 filing fee, giving them until March 21, 2011 to pay.

3

On March 29, 2011, appellants filed a document entitled "Appellant(s) Motion(s) To Extend Time (1) To File Appellant(s) Motion For Reconsideration And To Request Correction Of The Reporters Record; (2) Request For Judicial Notice And Motion To Extend Time TO Pay Appellate Fees."

On April 4, 2011, we denied appellants' March 29, 2011 motion.

On April 7, 2011, we dismissed appellants' appeal for failure to pay the required $175 filing fee for the appeal and pay or make arrangements to pay for the clerk's record and reporter's record on or before March 21, 2011.

On April 12, 2011, this court received notice that the Texas Supreme Court received a motion of time to file a petition for review from appellants. The Texas Supreme Court thereafter granted that motion on April 18, 2011.

On May 9, 2011, appellants filed a document entitled "Appellant(s) Request For Judicial Notice And Motion(s) (1) To Extend Time To File Response To Appellate Courts April 4th and 7th, 2011 Judgments and (2) Appellant(s) Motion For Reconsideration." The motion is **DENIED**.

The clerk of this court is directed to transmit a copy of the order to the appellants, the appellee John Henry Batie, the attorney of record for U-Haul Co. of Ft. Worth, Co., and the clerk of the Texas Supreme Court.

DATED May 11, 2011.

PER CURIAM

PANEL: WALKER, MCCOY, and MEIER, JJ.

4